UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
PSG POKER, LLC, and PHIL GORDON,      :
                   Plaintiffs,   :
                                          :     06 Civ. 1104 (DLC)
                                          :
            -v-                   :     <u>MEMORANDUM OPINION</u>
                                          :        <u>& ORDER</u>
                                          :
TONY DeROSA-GRUND, PROJO POKER       :
TOURNAMENT SERIES, LLC., PROJO POKER  :
TOURNAMENT SERVICES, LLC., and PROJO  :
POKER TOURNAMENT SERVIES, LLC.,      :
                   Defendants.   :
                                          :
----------------------------------------X

Appearances:

For Plaintiffs:
Jonathan J. Ross
Caplan & Ross, LLP
100 Park Avenue, 18th Floor
New York, NY 10017

For Defendant Tony DeRosa-Grund:
<u>Pro Se</u>
923 High Meadow Ranch Drive
Magnolia, TX 77356


DENISE COTE, District Judge:

     Defendant Tony DeRosa-Grund has filed a Motion for Relief

from Judgment pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure.  For the following reasons, the motion is

denied.

BACKGROUND

Plaintiffs PSG Poker, LLC and its principal member Phil Gordon brought suit in 2004 for breach of contract and fraudulent inducement in connection with a contract for the production of a poker television program.  On December 4, 2006, following the withdrawal of counsel for the individual defendant DeRosa-Grund and the failure of counsel to appear on behalf of the corporate defendants, a default was entered against defendants Projo Poker Tournament Series, LLC, Projo Poker Tournament Services, LLC, and Projo Poker Tournament Services, LLC.

At the conclusion of the discovery period, plaintiffs moved for summary judgment on December 15, 2006, against DeRosa-Grund, the sole remaining defendant.  In opposition, DeRosa-Grund argued, inter alia, that the contract at issue was "not enforceable" because Gordon had held himself out as a consultant to "Full Tilt Poker" when in fact he was a beneficial owner. DeRosa-Grund argued that defendants would not have entered into a contract with Gordon had they known about his ownership interest.  In addition to his opposition to the summary judgment motion, DeRosa-Grund moved for further discovery, including discovery regarding the issue of Gordon's ownership of Full Tilt Poker.

On June 27, 2007, plaintiffs' motion for summary judgment was denied without prejudice to its renewal and plaintiffs were given an opportunity to conduct additional discovery. PSG Poker, LLC v. DeRosa-Grund, No. 06 Civ. 1104(DLC), 2007 WL 1837135, at *1 (S.D.N.Y. June 27, 2007) ("June 2007 Opinion"). The June 2007 Opinion warned DeRosa-Grund that an adverse inference might be drawn against him if he persisted in his refusal to cooperate in that discovery. Id. at *4, 6. The June 2007 Opinion also denied DeRosa-Grund's application for further discovery due to his lack of diligence during the discovery period. Id. at *7. In denying DeRosa-Grund's application for, inter alia, "documents he seeks which he claims would show that the contract was not enforceable," id. at *6, the June 2007 Opinion noted that DeRosa-Grund admitted the following:

> he had not made any efforts to obtain these facts in
> discovery because "I knew these facts to be true and
> it was my expectation that I would have the
> opportunity to bring out these facts during cross
> examination of Mr. Gordon at trial."

Id. The June 2007 Opinion reviewed the procedural history of the case and found that "DeRosa-Grund ha[d] not shown that he ha[d] been at all diligent in pursuing discovery; instead, he ignored this action until the plaintiffs filed their motion for summary judgment." Id. at *7.

The June 2007 Opinion also noted that defendants had initially "produced few documents" and that DeRosa-Grund had

failed to appear for his deposition.  Id. at *2.  DeRosa-Grund
was warned that if he "continue[d] to refuse to comply with his
discovery obligations, adverse inferences will be applied
against him."  Id. at *4.  The June 2007 Opinion gave DeRosa-
Grund "one final opportunity to comply with his discovery
obligations," and issued a scheduling order to that effect.  Id.
at *6.

Plaintiffs then filed a renewed motion for summary judgment
against DeRosa-Grund, and that motion was granted in a January
22, 2008 Opinion.  PSG Poker, LLC v. DeRosa-Grund, No. 06 Civ.
1104(DLC), 2008 WL 190055 (S.D.N.Y. Jan. 22, 2008) ("January
2008 Opinion").  As described in greater detail in the January
2008 Opinion, DeRosa-Grund produced some documents, but did not
provide records relevant to certain key issues, id. at *1, and
an adverse inference was drawn against him.  See id. at *12.

Following the grant of plaintiffs' motion for summary
judgment in the January 2008 Opinion, the matter was referred to
the Magistrate Judge for an inquest on the issue of damages, and
an August 15, 2008 Opinion adopted the Magistrate Judge's Report
and Recommendation as to damages.  PSG Poker, LLC v. DeRosa-
Grund, No. 06 Civ. 1104(DLC), 2008 WL 3852051 (S.D.N.Y. Aug. 15,
2008).  On September 24, 2008, judgment was entered against
DeRosa-Grund for $340,000 in compensatory damages, $200,000 in
punitive damages, and $36,266.70 in attorneys fees, for a total

of $576,266.70, together with interest calculated at the rate of 9% per year, compounded annually, on a principle amount of $170,000 running from January 1, 2006 to the date of judgment of $45,274.28, and also on a principle amount of $170,000 running from January 1, 2007 to the date of judgment of $27,499.34, for a total of $649,040.32.  DeRosa-Grund did not appeal from this judgment.

On April 20, 2009, DeRosa-Grund filed the instant Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiffs' opposition was filed on May 12.  Plaintiffs' opposition included an application for sanctions against DeRosa-Grund, including plaintiffs' costs and attorney's fees incurred in responding to this motion.

According to an Order dated April 23, 2009, DeRosa-Grund's reply papers, if any, were due on June 5, 2009.  In a letter dated May 19, 2009, plaintiffs' counsel informed the Court of a bankruptcy proceeding in Texas involving DeRosa-Grund.  After having been informed by plaintiffs' counsel in a letter dated July 24, 2009 that plaintiffs' motion for relief from the automatic bankruptcy stay had been granted, the Court issued an Order dated July 28, 2009 stating that DeRosa-Grund's reply papers, if any, were due by August 5, 2009.[1]  The Court has not

---

[1] The July 28 Order also stated that there would be no adjournment of the August 5 date.

received any reply papers from DeRosa-Grund, nor has it received any other communication from DeRosa-Grund since April 20, 2009 regarding the status of this action.


DISCUSSION

A.  DeRosa-Grund's Rule 60(b) Motion

Rule 60(b) provides in pertinent part that relief from a final judgment is available upon a showing of "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  A motion for relief from judgment pursuant to Rule 60(b) is "generally not favored and is properly granted only on a showing of exceptional circumstances."  United States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); Neimazer v. Baker, 793 F.2d 58, 61 (2d Cir. 1984).  Under Rule 60(b)(2), a movant must meet an "onerous standard" by demonstrating

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

Int'l Brotherhood, 247 F.3d at 392 (citation omitted).

DeRosa-Grund's Rule 60(b)(2) motion is based on allegations that Gordon hid his ownership of "FullTiltPoker.net" from DeRosa-Grund.  Specifically, DeRosa-Grund states that he became aware of a complaint that was filed on November 14, 2008 in the United States District Court for the District of Nevada, in which a "business partner" of Gordon alleged that Gordon was a director and shareholder of, inter alia, Full Tilt Poker. DeRosa-Grund again argues that had he known of Gordon's ownership, he would not have entered into a contract with him.

This very issue was addressed in the June 2007 Opinion.  As discussed above, DeRosa-Grund had argued both in opposition to the first motion for summary judgment and in his application for further discovery that Gordon had this ownership interest in Full Tilt Poker, and the June 2007 Opinion denied the request for further discovery on the issue, stating that "DeRosa-Grund ha[d] not shown that he ha[d] been diligent in pursuing discovery; instead he ignored this action until the plaintiffs filed their motion for summary judgment." PSG Poker, LLC v. DeRosa-Grund, No. 06 Civ. 1104(DLC), 2007 WL 1837135, at *7. DeRosa-Grund cannot now use his lack of diligence in obtaining discovery on this ownership issue to seek relief from judgment based on supposed new facts that he could have discovered had he been diligent in the discovery process.  Having been found in June 2007 to not have been diligent in pursuing discovery

related to facts regarding this ownership issue, DeRosa-Grund was not "justifiably ignorant of [such facts] despite due diligence."  Int'l Brotherhood, 247 F.3d at 392 (citation omitted).  Thus, DeRosa-Grund's motion must be denied.

DeRosa-Grund's citation to the complaint filed in the District of Nevada does not change this conclusion.  The allegations of ownership in the Nevada complaint on which DeRosa-Grund relies are simply the same as the allegations DeRosa-Grund raised in his submissions in opposition to summary judgment and for further discovery, and thus they cannot be considered new, non-cumulative evidence.  As such, DeRosa-Grund has not met the onerous standard for a motion for relief from judgment under Rule 60(b)(2).[2]

B. Costs and Sanctions

Plaintiffs have made an application for sanctions, including their costs and attorney's fees incurred in responding to the instant motion.  Recognizing that sanctions pursuant to 28 U.S.C. § 1927 are not available against a pro se party, Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992), plaintiffs seek sanctions pursuant to this Court's inherent authority.  See

---

[2] Because DeRosa-Grund has failed to meet the Rule 60(b)(2) standard, it is unnecessary to address what potential relevance, if any, his allegations have regarding the merits of the underlying dispute between the parties.

id. at 80-81 ("a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons").  Plaintiffs specifically argue that DeRosa-Grund's instant motion was filed in a vexatious attempt to avoid the judgment in this action that was entered against him in September 2008, and they note that DeRosa-Grund is using the pendency of the instant motion to attempt to delay execution of the judgment in court proceedings in Texas.

DeRosa-Grund's disregard of the judicial process has been summarized above and described in greater detail in the June 2007 and January 2008 Opinions, and the filing of this motion is consistent with his course of conduct throughout this litigation.  In considering the requested sanctions under this Court's inherent authority, however, the financial circumstances of the pro se party must be taken into account.  See id. at 81. In light of this Court's lack of information regarding DeRosa-Grund's financial circumstances, and in deference to his status as a pro se party, this Court declines to award monetary sanctions at this time.  DeRosa-Grund is hereby warned, however, that continued vexatious or bad faith conduct may subject him to sanction by this Court, including the imposition of monetary or other sanctions.

CONCLUSION

Defendant DeRosa-Grund's April 20, 2009 motion for relief from judgment is denied. Plaintiffs' application for sanctions is denied.

SO ORDERED:

Dated:    New York, New York
          August 13, 2009

                          _____
                               DENISE COTE
                          United States District Judge

COPIES MAILED TO:

Jonathan J. Ross
Caplan & Ross, L.L.P.
100 Park Avenue, 18th Floor
New York, NY, 10017

Tony DeRosa-Grund
923 High Meadow Ranch Drive
Magnolia, TX 77356